```
                UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Virginia
```

WILMINGTON MUTUAL TRUST CO.    )
                               )
                               )
     Plaintiff,                )
                               )
v.                             )   Civil Action No. 1:10cv315
                               )
M/V SEA REED, et al.           )
                               )
                               )
     Defendants.               )

## REPORT AND RECOMMENDATION

This matter came before the Court on plaintiff's Motion for Default Judgment Against Vessel and for Order Directing Judicial Sale. (Dkt. 21). After a representative for defendants failed to appear at the March 25, 2011 hearing, the Court took plaintiff's motion under advisement to issue this Report and Recommendation.

## I. INTRODUCTION

Plaintiff Wilmington Mutual Trust Company, Trustee for the Chase Manhattan Owner Trust 1997-A, is a financial services company with its principal place of business in Delaware. (Dkt. 1, ¶1). On April 1, 2010, plaintiff filed this action *in rem* against M/V Sea Reed, a yacht along with all boats, tackle, furniture, engines and appurtenances ("the Vessel") and *in personam* against Virginia residents, Christopher D. Reed and Karla M. Reed to foreclose on a First Preferred Ship Mortgage on the Vessel. (Dkt. 1 at 1,¶3; Motion for Default J. at 1).

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this Maritime Commercial Instruments and Liens Act case pursuant to 28 U.S.C. §1333 and Federal Rule of Civil Procedure 9(h). This Court has personal jurisdiction over Christopher Reed and Karla Reed because they reside in this District. (Dkt.1,¶3). Venue in this District is proper under Rule C(2)(c) of the Supplemental Rules for Admiralty and Maritime Claims because the Vessel is located within this District. (Dkt. 1, ¶2).

### B. Process and Service

Plaintiff filed its Verified Complaint on April 1, 2010. (Dkt. 1). On June 1, 2010 Summons was returned executed as to *in personam* defendants Karla and Christopher Reed. (Dkts. 16-17). Pursuant to Federal Rule of Civil Procedure 12, defendants had twenty-one (21) days after receiving service of process to serve Answers. F<small>ED</small>. R. C<small>IV</small>. P. 12. Accordingly, defendants' Answers were due on June 22, 2010. (Dkts. 16-17). Also, on June 24, 2010, The Honorable T.S. Ellis granted plaintiff's Motion for Service by Publication notifying anyone with an interest in the Vessel of the *in rem* action. (Dkt. 15). On July 7, 2010, notice of the *in rem* action, which identified the action, Vessel, date of the Vessel's arrest, plaintiff's counsel's contact information, and instructions for interested parties, was published in The

Washington Post in compliance with Local Admiralty Rule (c).[1] (Dkt. 18-2). Anyone asserting a right of possession or an ownership in the Vessel was to respond by July 21, 2010. (Dkt. 18; Motion for Default J. ¶3). To date, no answers or statements of right or interest have been filed with the Court or plaintiff's counsel. (Motion for Default J. ¶4; Dkt. 18-3,¶3).

### C. Grounds for Entry of Default

On September 7, 2010, after the deadlines for all answers or statements had expired, plaintiff requested Clerk's Entry of Default as to M/V Sea Reed *in rem* and Christopher D. Reed and Karla M. Reed *in personam*. (Dkt. 18). On September 8, 2010, the Clerk entered default against all defendants. (Dkt. 19). On February 10, 2011, the Honorable T.S. Ellis ordered plaintiff to file a Motion for Default Judgment and set default proceedings before the undersigned Magistrate Judge. (Dkt. 21). On March 7, 2011, plaintiff filed its Motion for Default Judgment, and a hearing was held on March 25, 2011. (Dkt. 24). When no

---

[1] The Local Admiralty Rule (c)(4) provides:
(4) Default in Action In Rem.
(a) Notice Required. A party seeking a default judgment in an action in rem must satisfy the judicial officer that due notice of the action and arrest of the property has been given (1) by publication in a newspaper of general circulation within the Division where arrest occurred, (2) by service under Fed. R. Civ. P. 5(a) upon the master or other person having custody of the property, and (3) by service under Fed. R. Civ. P. 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

representative for defendants attended the hearing, the Court took the Motion under advisement to issue this Report and Recommendation.

## II. <u>FINDINGS OF FACT</u>

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.[2]

On June 13, 1996, Christopher D. Reed and Karla M. Reed executed a First Preferred Ship Mortgage ("the Mortgage") with Chase Manhattan Bank, formerly known as Chemical Bank, on the Vessel for an amount of $255,000.00 and requiring monthly payments of $2212.94 over a period of 240 months. (Dkt. 1,¶8; Dkt. 1, Ex. A). The Vessel was documented under the laws of the United States, and the Mortgage was recorded with the United States Coast Guard's National Vessel Documentation Center on July 5, 1996. (Dkt.1, ¶9). The Vessel's title abstract reflects no liens or claims other than the Mortgage. (Dkt. 1, Ex. B; Motion for Default J. ¶5).

---

[2] The pleadings include the Verified Complaint ("Compl." or Dkt. 1), the Request for Entry of Default and supporting documents (Dkt. 18), the Motion for Default Judgment (Dkt. 21), and Declaration in Support of Default Judgment Against Vessel ("Brogan Decl."). Also, on April 27, 2011 plaintiff submitted a supplemental filing (Dkt.25) which included Supplemental Declaration in Support of Judgment Against Vessel (Dkt.25-1); Vericrest Financial Account Statement for defendants (Dkt. 25-2); Tabulation of Legal Fees on Sea Reed Matter from Palmer Biezup & Henderson LLP (Dkt 25-3); Tabulation of Legal Fees on Reed Matter from Davey & Brogan (Dkt. 25-4); Lab Marine Account Statement (Dkt. 25-5); U.S. Marshal's Service Receipt (Dkt. 25-6).

Beginning in November 2009, Christopher D. Reed and Karla M. Reed failed to make the monthly payments required under the terms of the Mortgage, which caused plaintiff to initiate this action. (Dkt. 1,¶13). On April 1, 2010, the Honorable T.S. Ellis ordered the Clerk to issue of Warrant for the arrest of the Vessel and for LAB Marine to take custody of it. (Dkts. 5-7; Dkt. 25-5). On May 19, 2010, the U.S. Marshal arrested the Vessel in Woodbridge, VA. (Dkt. 18-1; Dkt. 25-6).

The Mortgage provides that in the event of default, defendants are responsible for the unpaid principal, interest, legal fees, costs. (Dkt. 1, ¶16; Brogan Decl. ¶2). Plaintiff seeks an order of default judgment against the *in rem* and *in personam* defendants to collect $155,590.99, the amount of unpaid principal, plus $16,594.95 in interest as of March 23, 2011 and continuing to accrue at a rate of $36.23 per day (Dkt. 25-1, ¶2; Dkt. 25-2), as well as court costs of $350.00 (Dkt. 25-1,¶4; Dkt. 1-5), $16,583.00 in legal fees for the law firm Palmer, Biezip & Henderson, (Dkt. 25-3 at 7 "work in progress"), $4,972.21 in legal fees for the law firm Davey & Brogan, P.C., (Dkt. 25-4), the cost of arresting the Vessel, $5,000.00 (Dkt. 25-6), and the cost of the Vessel's substitute custodian, $7,967.74. (Dkt. 25-5). The total amount requested is therefore **$207,058.89** plus interest.

Plaintiff also seeks an Order directing judicial sale of the Vessel pursuant to 46 U.S.C. §31326(a) and granting

5

plaintiff the right, consistent with maritime practice, to credit bid at the judicial sale up to the amount of its *in rem* judgment without payment of cash.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment against the Vessel *in rem* in the amount of **$207,058.89** plus interest, and an Order directing judicial sale of the Vessel pursuant to 46 U.S.C. §31326(a), and granting plaintiff the right to credit bid.

## V. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record, and to defendants at the following addresses:

Prince William Marina
12849 Gordon Blvd.
Woodbridge, VA 22192

Christopher D. Reed
8630 Meadow Ridge Terrace
Fairfax Station, VA 22039

Karla M. Reed
8630 Meadow Ridge Terrace
Fairfax Station, VA 22039

                ___/s/_____
                THERESA CARROLL BUCHANAN
                UNITED STATES MAGISTRATE JUDGE

May 3, 2011
Alexandria, Virginia